**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 23, 2018.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-52324-CAG |
| | § | |
| FREDDIE LEE BROWN, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

**ORDER DENYING APPELLANT'S REQUEST FOR CERTIFICATION TO THE
UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT (ECF NO. 41)**

Came on to be considered the above-styled and numbered bankruptcy case and, in particular, Appellant's Request for Certification to the United States Court of Appeals for the Fifth Circuit (the "Request") (ECF No. 41) filed on April 25, 2018, and Appellee's Opposition to Debtor-Appellant's Request for Certification to the United States Court of Appeals for the Fifth Circuit (the "Opposition") (ECF No. 43) filed on May 7, 2018.[1] For the reasons stated herein, the Court DENIES Appellant's Request.

---

[1] "ECF" denotes the electronic docket number for the Court's case file. Appellant is the Debtor in the underlying bankruptcy case and Appellant to the District Court. Appellee is the Chapter 13 Trustee for the San Antonio Division in the underlying bankruptcy case and Appellee in the District Court.

**BACKGROUND**

Appellant requests a direct appeal of this Court's order confirming Appellant's Chapter 13 Plan (the "Plan"). At issue is whether the Court may impose conditions on Appellant in confirming Appellant's Plan. Appellant asserts that a certified appeal is necessary to resolve a split in District Court opinions regarding this Court's ruling. Appellee argues that none of the grounds in support of 28 U.S.C. § 158(d) are present in this matter.

Appellant filed Appellant's chapter 13 bankruptcy petition on October 2, 2017, with Appellant's Schedules, Statement of Financial Affairs, and Chapter 13 Plan (ECF Nos. 1 and 2). Appellant has current monthly income that exceeds the median family income for a household of one in the State of Texas. (Form 122C-1). As such, Appellant must propose a 60-month plan (if Appellant pays less than 100% of all claims in Appellant's case) because Appellant is an above median income debtor to satisfy the requirements of § 1325(b)(1).[2] Appellee filed Appellee's objection to Appellant's Plan (ECF No. 12) and brief in support of Appellee's objection (ECF No. 18). In Appellee's brief to this Court, Appellee argues that Appellant's Plan payment is substantially lower than Appellant's available monthly net income. Appellee asserts that Appellant must either propose a plan that dedicates all of Appellant's available net income to pay all creditors in the case or agree that Appellant cannot modify Appellant's Plan to less than a 100% distribution to all creditors in order to receive a chapter 13 discharge. If Appellant dedicated all of Appellant's available income to the payment of creditors, Appellant's Plan could be completed in less than the

---

[2] Unless otherwise noted, all citations are to 11 U.S.C. § 101 *et seq*. Section 1325 provides that:
    (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--
        (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
        (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

2

60 months proposed.

Appellant argues that Appellant's Plan comports with § 1325(b)(1) because Appellant is proposing to pay 100% of all allowed claims. As such, Appellant argues that the Court impermissibly altered the requirements of § 1325(b) by precluding Appellant from asserting Appellant's right to modify Appellant's Plan under § 1329(a).[3]

Appellee argues that Appellant's Plan must dedicate all monthly disposable income to the Plan, or, in the alternative, Appellant must agree that Appellant's discharge is conditioned on all claims being paid in full. At the Plan confirmation hearing, Appellee asked that the following language be added to the order confirming plan as a condition of confirmation:

> The Plan as currently proposed pays a 100% dividend to unsecured claims. The Debtor shall not seek modification of this Plan unless said modification also pays a 100% dividend to unsecured claims. Additionally, should this Plan ever fail to pay 100% dividend to unsecured claims, the debtor will modify the Plan to continue paying a 100% dividend. If the Plan fails to pay all allowed claims in full, the Debtor will not receive a discharge in this case.

ECF No. 18, pg. 2.

This Court has previously held that it can impose conditions on a debtor in confirming a chapter 13 plan and has required the above-stated language as a condition of confirmation. *See **In re Crawford***, No. 15-53097-CAG, 2016 WL 4089241, at *6 (Bankr. W.D. Tex. Aug. 24, 2016)(holding that a court may impose conditions on a debtor in confirming a chapter 13 plan); ***In re McCarthy***, 554 B.R. 388, 395 (Bankr. W.D. Tex. 2016). On appeal, the District Court in ***Molina v. Langehennig***, No. SA-14-CA-926, 2015 WL 8494012, at *1 (W.D. Tex. Dec. 10, 2015),

---

[3] Section 1329(a) provides in part:
    (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
    (2) extend or reduce the time for such payments; . . .

3

similarly found that the bankruptcy court could, pursuant to its equitable powers under § 105, impose the above-stated language on a debtor in confirming a chapter 13 plan and affirmed the bankruptcy court. *Id.* at \*2. The *Molina* court noted that the imposed conditions did not preclude the debtor from what the debtor wanted—confirmation of the debtor's plan. In *Martinez v. Viegelahn*, 581 B.R. 486, 494, 497 (W.D. Tex. 2017), the District Court similarly found that a bankruptcy court could impose conditions on a chapter 13 debtor in confirming a plan, but that the bankruptcy court could not do so in contravention of a debtor's right to modify a plan. The District Court in *Martinez* reversed the bankruptcy court on that basis.

## PROCEEDINGS BELOW

1. Appellant filed Appellant's Plan with a proposed plan payment of $1,080.00 per month for 60 months, which would pay 100% of all creditor claims. At the time of confirmation, Appellant's available income was $2,191.00 per month, and the amount of nonpriority unsecured claims was $7,169.89.

2. Appellant argued that under § 1325(b) that Appellant could propose a chapter 13 plan for a period of 60 months even though Appellant could pay all creditor claims sooner if all of Appellant's disposable income was utilized to pay creditor claims. Further, Appellant argued that the Court could not limit Appellant's ability to modify Appellant's plan to less than a 100% payment to unsecured creditors as a condition of Appellant receiving a discharge under § 1328.

3. Appellee argued that this Court should follow its precedent in *McCarthy* and *Crawford*. Further, given that Appellant had unsecured claims of less than $7,200.00 and additional monthly disposable income of $1,141.00, Appellee argued that the circumstances in this case should require the Court to impose conditions on confirmation of Appellant's Plan if Appellant wanted the Plan

4

confirmed with a 60-month pay out to unsecured creditors instead of sooner.[4]

4. Based on the arguments and evidence presented, the Court determined that Appellant could choose between two options as a condition of confirming Appellant's Plan:

(a) Keep the Plan term at 60 months on the condition that Appellant could not reduce the Plan payment to unsecured creditors to less than 100%; or

(b) Pay the full amount of Appellant's disposable income into the Plan with the excess income being paid to unsecured creditors over the first eight months of the Plan, thereby paying unsecured creditors in full. After the payment of unsecured creditors in full Appellant could modify the Plan, if needed.

5. Appellant opted to pay Appellant's unsecured creditors over the term of 60 months on the condition that Appellant cannot modify the Plan to less than 100% percent distribution to all creditors to receive a discharge.

6. Appellant timely filed Appellant's notice of appeal on March 26, 2018, in the District Court.

7. Appellant filed the Request on April 25, 2018.

8. Both parties have filed the designation of the record and the designation of the issues.

9. The appeal is based on this Court's order confirming Appellant's Plan.

10. As of the date of this Order, the deadline to file briefs in the District Court has not passed. Appellant's brief is due on May 31, 2018, and Appellee's brief is due 30 days after service of Appellant's brief.

---

[4] It is important to note how claims are paid under the Court's District Form Plan and generally in chapter 13 cases. Under the priority scheme of distribution, and to encourage competent attorneys to represent debtors, administrative claims (including attorney's fees) are paid first. Then, secured claims for arrears for cars and homes are paid, followed by priority claims for taxes and support obligations. Unsecured claims do not receive distributions in chapter 13 cases until all senior claims are paid in full. Therefore, an unsecured claimant in Appellant's case might not receive payment until the end of the Plan. If the Plan was later amended to pay less than 100% percent of all creditor claims, income that could have been dedicated to paying creditor claims would be lost.

11. Fed. R. Bankr. P. 8006(b) provides that this Court has jurisdiction to consider Appellant's Request because the Request was filed within 30 days of Appellant's notice of appeal.

### STANDARD ON A MOTION TO CERTIFY DIRECT APPEAL

"Section 158(d)(2)[5] was enacted as part of the sweeping overhaul of the Bankruptcy Code in 2005 known as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)." *In re The Heritage Org., L.L.C.*, No. 04-33574-BJH-11, 2012 WL 478178, at *1 (Bankr. N.D. Tex. Feb. 14, 2012) (citing *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343 (5th Cir. 2008)). The purpose of 28 U.S.C. § 158(d)(2) is to:

> [P]rovide for direct review by the court of appeals of a bankruptcy court order in a case where the bankruptcy court or district court certifies that [1] there is no controlling Supreme Court or circuit court decision, [2] the case involves a matter of public importance, [3] there are conflicting precedents, or [4] an immediate appeal would materially advance the bankruptcy case.

*Id.* (citing 28 U.S.C. § 158(d)(2)(A)). "If any of the four conditions precedent are met, the bankruptcy court *shall* make the certification per § 158(d)(2)(B)(ii)." *In re Adkins*, 517 B.R. 698, 699 (Bankr. N.D. Tex. 2014). "The twin purposes of [§ 158(d)(2)] were to expedite appeals in significant cases and to generate binding appellate precedent in bankruptcy, whose case law *[sic]* has been plagued by indeterminacy. H.R. Rep. No. 109–31 pt. I, at 148 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 206." *In re Franchise Servs. of N. Am.*, No. 1702316EE, 2018 WL 485959, at *3 (Bankr. D. Miss. Jan. 17, 2018)(citing *In re The Pacific Lumber Co.*, 584 F.3d 229, 241–42 (5th Cir. 2009)).

Under § 158(d)(2), the court of appeals may exercise jurisdiction over an appeal from the bankruptcy court's order if either the bankruptcy court or the district court, depending on where the matter is docketed at the time of the appeal[6] and "acting on its own motion or on the request

---

[5] All references to § 158(d)(2) refer to 28 U.S.C. § 158(d)(2).
[6] "Only the court where the matter is pending, as provided in subdivision (b), may certify a direct review on request

of a party" or "all the appellants and appellees . . . acting jointly," certify that one of these four circumstances exist. 28 U.S.C. § 158(d)(2)(A). Rule 8006(f)(2)[7] states that:

> (2) Service and contents. The request must be served on all parties to the appeal in the manner required for service of a notice of appeal under Rule 8003(c)(1), and it must include the following:
> (A) the facts necessary to understand the question presented;
> (B) the question itself;
> (C) the relief sought;
> (D) the reasons why the direct appeal should be allowed, including which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) applies; and
> (E) a copy of the judgment, order, or decree and any related opinion or memorandum.

In applying 28 U.S.C. §158(d)(2) and Rule 8001(f)(2) to this case, Appellant may seek certification of this Court's order confirming Appellant's Plan. Appellant may file a motion with this Court requesting certification under Rule 8001(f)(2)(A); alternatively, Appellant may file Official Form 24 jointly with the designated Appellee, the Chapter 13 Trustee, under Rule 8006(c).[8]

## ISSUE ON APPEAL

Appellant states that the issue on appeal is—

> [W]hether this Court exceeded its authority when it conditioned confirmation of the Debtor's Plan on his willingness to waive or limit express rights conferred by the Bankruptcy Code — specifically, the right to proceed under § 1325(b)(1)(A) instead of § 1325(b)(1)(B) when the plan proposes to pay unsecured creditors in full and the right under § 1329(a) to modify the Plan.

ECF No. 41, at 4.[9]

---

of parties or on its own motion." Fed. R. Bankr. P. 8006(d).

[7] Unless otherwise noted, all "Rule" references refer to the Federal Rules of Bankruptcy Procedure.

[8] Appellant intimated that both parties to this appeal desire the Fifth Circuit Court of Appeals making the ultimate disposition in this case. While Appellee agrees that the matter may be resolved at the circuit level, Appellee disputes Appellant's suggestion that Appellee agrees to the certification.

[9] It is important to note that the issue on appeal presented in Appellant's Request encompasses more than the issue on appeal presented in Appellant's Statement of Issues and Designation of Record on Appeal (ECF No. 36). *Compare* ECF No. 41, at 4, *with* ECF No. 36, at 1. Appellee does not challenge Appellant's designation of the issue for certification to the Fifth Circuit, nor does Appellee challenge the wording of the issue. Rather, Appellee argues that the issue for certification is a question of fact and law.

## ANALYSIS

Appellant cites conflicting decisions in the District Court for the Western District of Texas as a basis for this Court certifying a direct appeal to the Fifth Circuit. Appellant reasons that all three bases under 28 U.S.C. § 152(d)(2)(A) are met here. Appellant argues that:

> All three of the enumerated circumstances are present here. First, the issue presented involves a legal issue that has not been addressed by the Fifth Circuit Court of Appeals or the United StatesSupreme Court. Second, the issue on appeal has spawned conflicting opinions from the district courts in the Western District of Texas. *See supra* paragraph 8. Because the holdings in *Molina* and *Martinez* are in direct conflict, the court hearing this appeal must determine which of the two holdings it will follow. Asking a third district court judge to rule on the issue does not serve judicial economy. Its ruling will merely create a two-to-one split among the district courts in the WesternDistrict of Texas. In addition, both parties to the appeal have indicated their desire to litigate this issue until the Fifth Circuit Court of Appeals issues a ruling. Further, because the bankruptcy courts and district courts are considered parallel courts for purposes of *stare decisis*, a third district court opinion on the issue will have no binding effect in subsequent cases. Third, an immediate appeal to the circuit court will materially advance the progress of the case. Because Appellant's rights to modify the Plan during the five-year plan term is limited, the chances Appellant will be able to successfully complete the plan are lower. The issue presented is a recurring issue in the bankruptcy courts in the Western District of Texas, and the bankruptcy bar—debtors, creditors, trustees, and bankruptcy judges—need guidance in future cases.

ECF. No. 41, ¶ 10.

In response, Appellee argues that a direct appeal is not warranted because exceptional circumstances are not presented here. First, Appellant argues that the issue for certification is one mixed in law and fact. Second, Appellant argues that maximizing payment to creditors under the condition this Court imposed does not raise a new or unsettled issue of law. Third, Appellee argues that this Court has been uniform in its application that debtors pay all available income through the plan. There is nothing extraordinary or urgent about this case. Fourth, Appellee argues that this matter is not a question of public importance mandating a direct appeal to the Fifth Circuit.

**Case involves a matter of public importance**

Appellee argues that this matter is not a matter of public importance. In support of this assertion, Appellee cites to the District Court's decision in ***Martinez v. Viegelahn***, in which the District Court denied a similar request for a direct appeal to the Fifth Circuit (ECF No. 43, Exhibit "A").[10] The ***Martinez*** court found that the filing of a bankruptcy petition is a voluntary process wherein parties may object to a plan and a court may confirm a plan under the Bankruptcy Code (***Id.*** at 3). The ***Martinez*** court could not discern any public importance in a bankruptcy court confirming a chapter 13 plan. (***Id.*** at 6). Further, the ***Martinez*** court noted that there is nothing out of the ordinary in which a district court is being asked to do—decide a case in which a sister court might disagree. (***Id.*** at 7). Moreover, the appellant in ***Martinez*** and Appellant here received what each sought—confirmation of a chapter 13 plan in which the debtor could pay debtor's debts over time under the protection of the automatic stay. (***Id.***; *see* ***Faulkner v. Kornman***, No. 10-301, 2012 WL 293230, at *3 (Bankr. S.D. Tex. Jan. 30, 2012) (rejecting argument that "the appeal presents a question of importance to the public because it involves a consideration of issues that are fundamental to defining the scope of a bankruptcy court's jurisdiction")).

The question for certification here does not implicate the Court's jurisdiction, nor will the normal process of an appeal to the District Court impede Appellant's ability to implement Appellant's Plan. The Court also notes that Appellant has not fully explained why this case is a candidate for a direct appeal as opposed to allowing the case to proceed through the normal appellate process. Appellant opted to pay Appellant's creditors over 60 months as opposed to doing sooner. If urgency was a consideration, Appellant could have sought a sooner pay out to creditors and asserted the harsh effects of doing so. Here, Appellant has chosen to remain in bankruptcy

---

[10] ***Martinez v. Viegelahn***, No. 16-CV-1251-DAE (W.D. Tex. Dec. 20, 2016) (order denying certification to the Fifth Circuit) (District Court ECF No. 5).

9

notwithstanding the fact Appellant could complete this bankruptcy case sooner.

**28 U.S.C. § 158(d)(2)(i)—No controlling Supreme Court or Fifth Circuit decision**

The Court recognizes that there is no controlling decision in the Supreme Court or Fifth Circuit regarding the imposition of conditions in connection with confirmation of a chapter 13 plan. Appellant's primary argument is that because there are two District Court opinions that appear to be in conflict, an appeal of this Court's order is warranted to resolve the split in authority. Appellee notes that in *Molina* and *Martinez*, both courts found that the bankruptcy court could, pursuant to its authority under the Bankruptcy Code, mandate conditions upon confirmation of a chapter 13 plan. Further, the only difference in the cases was that the *Martinez* court found that the bankruptcy court could not preclude a debtor's ability to modify a chapter 13 plan by imposing certain conditions in an order confirming a debtor's chapter 13 plan. The facts in this case are materially different in that the amount of unsecured debt and the amount of Appellant's available income show a situation in which Appellant has the ability to pay Appellant's unsecured debt in a short amount of time. Also, the Court gave Appellant two options in which Appellant could select how Appellant could pay Appellant's unsecured debt, unlike the courts in the other cases. As such, an appeal of this case will not resolve a perceived conflict between the *Martinez* and *Molina* decisions.

**28 U.S.C. § 158(d)(2)(ii)—Conflicting precedent**

Similar to the argument made regarding no controlling law in the Supreme Court or Fifth Circuit, Appellant argues that the Fifth Circuit needs to resolve the conflict between the *Martinez* and *Molina* decisions. As discussed herein, both *Molina* and *Martinez* recognize that the bankruptcy court could impose conditions on confirmation that are not contrary to § 1325(b). The *Molina* court was not asked, nor did it address, the issue of whether the conditional language

approved in that case was contrary to § 1329. Additionally, unlike the Court's opinions in *Crawford* and *McCarthy*, Appellant was offered an alternative not present in *Molina* and *Martinez*. Therefore, the District Court's determination in this case will not resolve any perceived conflict between the *Martinez* and *Molina* decisions. Moreover, the District Court in this case is not bound by any of the decisions from this Court. As such, a direct appeal of this case will not resolve the purported conflict between *Molina* and *Martinez*, both of which are distinguishable from this case.

**28 U.S.C. § 158(d)(2)(A)(iii)—An immediate appeal would materially advance the bankruptcy case**

Appellant asserts that by accepting the Court's offer to pay Appellant's creditors over 60 months, the chances that Appellant's case will be successful are lower. As such, Appellant needs a direct appeal to the Fifth Circuit to facilitate the appellate process and render a decision that will impact the continuation of Appellant's Plan. The Court fails to understand, other than the length of the Plan, how Appellant is at risk. As noted, Appellant has roughly $1,100.00 in income per month that Appellant is not paying to Appellant's creditors. Appellant could save that money for unanticipated expenses. Further, there is no evidence regarding Appellant's inability to fund the Plan for 60 months. As Appellee notes, if Appellant believes that Appellant may be unable to fund the Plan for 60 months, then the Court was correct in conditioning Appellant's discharge on paying Appellant's creditors in full so that the creditors would be protected from being unpaid.

Accordingly, for the reasons stated above, the Court finds that Appellant's Request for Certification to the United States Court of Appeals for the Fifth Circuit should be **DENIED**.

# # #